[Cite as *State v. McCreery* , 2011-Ohio-5885.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                          :
                                        :
    Plaintiff-Appellee,                 :      Case No. 10CA17
                                        :
    vs.                                 :      **RELEASED:  November 3, 2011**
                                        :
NICHOLAS C. McCREERY,                   :      <u>DECISION AND JUDGMENT</u>
                                        :      <u>ENTRY</u>
    Defendant-Appellant.                :
_____

<u>APPEARANCES:</u>

David Reid Dillon, South Point, Ohio, for Appellant.

J.B. Collier, Jr., Lawrence County Prosecutor, and Jeffrey M. Smith
Lawrence County Assistant Prosecutor, Ironton, Ohio, for Appellee.

_____

McFarland, J.:

{¶1}     Defendant-Appellant, Nicholas McCreery, appeals the

decision of the Lawrence County Court of Common Pleas convicting him of

three counts of burglary and one count of resisting arrest. Appellant argues

there was error below in that 1) the trial court resentenced him without first

vacating his original sentence, and; 2) he had ineffective assistance of

counsel.  After reviewing the record below, we find neither assignments of

error are warranted.  Here the trial court's resentencing only applied to the

issue of post-release control, and it was rectified at McCreery's resentencing.

Therefore, we overrule his first assignment of error. Further, Appellant presents no evidence that, but for his trial counsel's errors, he would not have pleaded guilty, we also overrule his second assignment of error. As such, we affirm the decision of the court below.

## I. Facts

{¶2}     In November 2009, Appellant and an accomplice, Christy Stone, were arrested for the burglaries of three separate residences in Lawrence County. The Appellant was subsequently indicted on three counts of burglary in violation of R.C. 2911.12(A)(2), a second-degree felony, and one count of resisting arrest in violation of R.C. 2921.33(A), a second-degree misdemeanor.

{¶3}     In January 2010, when the matter came on for pretrial, Appellant accepted a plea agreement and pleaded guilty to all charges against him. On January 20, the trial court sentenced him to four years on each burglary count, to be served consecutively, and thirty days in jail for the resisting arrest charge, to be served concurrently with the burglary sentences. At that January 20 sentencing hearing, the court misstated the conditions of Appellant's post-release control. The court failed to indicate that post-release control would be mandatory, and would be for three years

for the second-degree felonies for which Appellant was convicted. After the court journalized its sentence on February 4, Appellant filed an appeal.

{¶4}    Before the record could be transmitted on appeal, the trial court scheduled a resentencing hearing. At that hearing, held on April 8, the court noted the deficiencies of its January 20 sentencing, and then fully informed Appellant of the conditions of post-release control. The appeal of the trial court's first sentence was dismissed by mutual agreement and the current appeal of Appellant resentencing followed.

## II. Assignments of Error

First Assignment of Error

> THE TRIAL COURT ERRED IN RE-SENTENCING DEFENDANT WITHOUT VACATING THE PRIOR JUDGMENT ENTRY.

Second Assignment of Error

> THE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL. THUS RENDERING HIS GUILTY PLEA INVOLUNTARY.

## III. First Assignment of Error

{¶5}    In his first assignment of error, Appellant argues that the trial court erred in resentencing him without first vacating his original sentence. As previously stated, the trial court resentenced Appellant on April 8, 2010, because during the original sentencing hearing, it had failed to accurately inform him of the conditions of post-release control. He now argues that

because the trial court did not vacate its prior judgment entry, the court was divested of jurisdiction to resentence him. As such, he contends the case must be remanded, his original sentence vacated, and only then may he be resentenced. Because of the recent decision of the Supreme Court of Ohio in *State v. Fischer*, --- N.E.2d ----, 2010-Ohio-6238, we disagree.

{¶6}     In *Fischer*, the Court made a distinction between the part of a sentence concerning post-release control and the rest of the sentence. The Court held "that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence that is void and must be set aside. Neither the Constitution nor common sense commands anything more." Id. at ¶26. Thus, the Court found that "only the offending portion of the sentence is subject to review and correction." Id. at ¶27.

{¶7}     Applying the holding in *Fischer* to the case sub judice, we find that Appellant's sentence, except for the portion concerning postrelease control, was valid, neither void nor voidable, and not subject to remand. Further, we find that because of the trial court's misstatements concerning postrelease control, that portion of the January 20 sentence was void. Because that portion of Appellant's sentence, and only that portion of his sentence, was void, the trial court had no need to vacate it, and it properly

resentenced Appellant on post-release control at the April 8 hearing.

Accordingly, his first assignment of error is overruled.

### IV. Second Assignment of Error

**{¶8}**    Appellant's second assignment of error is that he had

ineffective assistance of trial counsel.  As previously noted, Appellant

pleaded guilty on all counts.  We, therefore state the appropriate standard of

review for a claim of ineffective assistance of counsel in such instances.

**{¶9}**    In order to establish ineffective assistance of counsel, an

appellant must show that counsel's representation was both deficient and

prejudicial.  *In re Sturm*, 4th Dist. No. 05CA35, 2006-Ohio-7101, at ¶77;

*Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052.

Deficient representation means counsel's performance was below an

objective standard of reasonableness.  Id.  To show prejudice, an appellant

must show it is reasonably probable that, except for the errors of his counsel,

the proceeding's outcome would have been different.  Id.

**{¶10}**   We have stated that "[a] reviewing court when addressing an

ineffective assistance of counsel claim, should not consider what, in

hindsight, may have been a more appropriate course of action."  *State v.*

*Wright*, 4th Dist. No. 00CA39, 2001-Ohio-2473, at *22.  Instead, reviewing

courts must be highly deferential.  Id.  Further, "a reviewing court: 'must

indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id., citing *Strickland*.

{¶11} A defendant asserting an ineffective assistance claim related to a guilty plea faces a further requirement. "To show that a defendant has been prejudiced when the defendant has pled guilty, the proponent must prove that there is a reasonable probability that, were it not for counsel's errors, the defendant would not have pled guilty." *State v. Parker* (Jan. 6, 1998), 4th Dist. No. 96CA35, at *2. See, also, *State v. Martin*, 4th Dist. No. 06CA3110, 2007-Ohio-4258, at ¶21.

{¶12} In his brief, Appellant claims he never received the discovery in his case and because he was unable to review the evidence against him, he was unable to make an informed judgment as to whether or not to plead guilty. For the following reasons, we disagree with Appellant 's argument and find that his assignment of error has no merit.

{¶13} First, it is undisputed that the State fully answered Appellant's discovery demands. The case docket shows that on December 15, 2009, the State answered Appellant 's discovery request and that it updated and completed its discovery production on December 22. That discovery

included Christy Stone's statement to the police regarding the burglaries, in which she confessed both to her own involvement and to Appellant 's involvement.  The discovery also included Appellant 's own statement to the police.  Like Stone, Appellant also confessed to participating in multiple burglaries.

{¶14}  In his reply brief, Appellant states "the state argues that discovery was given to defendant's counsel.  However, that does not mean that defendant received it."  Even if we disregard the fact that Appellant provides no evidence to substantiate this bare assertion, and accept his statement as true, his argument still fails.

{¶15}  To establish ineffective assistance of counsel, Appellant has to prove there is a reasonable probability that, were it not for his trial counsel's errors, he would not have pleaded guilty.  Here, he points out no inconsistencies in his or Stone's statements, no mitigating evidence, no evidence of coercion in the confessions, nor any other factor from which we could reasonably conclude that, had Appellant been aware of, he would not have pleaded guilty.

{¶16}  In the following statement, Appellant, himself, acknowledges the lack of evidence demonstrating that, but for his trial counsel's errors, he would have pleaded otherwise:  "To be sure, there must usually be some

indicium on the record supporting the claim of ineffective assistance of counsel. However, in the present case, there was no opportunity to put the failure to receive discovery on the record." We agree that there is no evidence in the record supporting his ineffective assistance claim, but disagree that Appellant may still maintain that claim in the absence of such evidence. Accordingly, we also overrule Appellant's second assignment of error.

**JUDGMENT AFFIRMED.**

Kline, J., dissenting, in part.

{¶17} I respectfully dissent as to the first assignment of error. "[T]he Supreme Court of Ohio has held that a trial court retains continuing jurisdiction to correct a void sentence." *State v. King*, Cuyahoga App. No. 95233, 2011–Ohio–1079, at ¶7, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006–Ohio–5795, at ¶19. Therefore, I believe that the trial court was authorized to correct the void portion of McCreery's sentence at the April 8, 2010 sentencing hearing. And because I do not believe that McCreery's sentence resulting from the April 8, 2010 hearing is "void," I would overrule McCreery's first assignment of error.

{¶18} I concur in judgment and opinion with the second assignment of error.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, P.J.: Concurs in Judgment and Opinion.
Kline, J.: Dissents with Dissenting Opinion as to Assignment of Error No. I; Concurs in Judgment and Opinion as to Assignment of Error No. II.

For the Court,

BY: _____
Judge Matthew W. McFarland
**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**