[Cite as *State v. Cruz*, 2014-Ohio-5695.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101544**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ANDRES CRUZ**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-542079-A

**BEFORE:** Celebrezze, J., Boyle, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** December 24, 2014

**FOR APPELLANT**

Andres Cruz, pro se
Inmate No. 623-804
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio   44430-0901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:     Anthony Thomas Miranda
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant Andres Cruz appeals from the judgment of the common pleas court denying his motion to vacate court costs and fines. After a careful review of the record and relevant case law, we affirm.

## I. Procedural History

{¶2} On October 7, 2010, the Cuyahoga County Grand Jury returned a 20-count indictment against Cruz and his codefendants. The indictment charged Cruz as follows: Counts 7, 9, 10, and 11 charged him with both trafficking and major drug offender specifications; Count 8, trafficking; Count 12, trafficking with a juvenile specification; Count 13, drug possession; Count 14, trafficking with major drug offender and juvenile specifications; Count 15, drug possession with a major drug offender specification; Count 16, possession of criminal tools; Count 19, having weapons while under disability; and Count 20, tampering with evidence. Counts 12 through 16 and 19 all contained forfeiture specifications for a digital scale, $50 in Honduran currency, ammunition, and 27 firearms confiscated during the search warrant execution at 8405 Crow Road, Litchfield, Ohio, on July 16, 2010.

{¶3} Cruz filed a motion to suppress his statement to the police and to suppress the recovered cocaine and heroin. He argued that the officers were without authority to stop and search the vehicle in which he was traveling prior to the execution of the search warrant, and therefore any statements and illegal drugs found as a result must be suppressed. After a hearing, the trial court denied Cruz's motion.

{¶4} On that same day, Cruz executed a jury waiver as to the weapons while under disability charge, and the parties selected a jury of 12 plus one alternate. The trial court excused

the remaining members of the venire and swore in the jury. However, before testimony commenced, the court excused juror No. 3 for cause and replaced that juror with the alternate. The court and both parties agreed to attempt to seat another alternate using the jurors who had been released from the original venire. Three of the six excused jurors returned and, after voir dire, the parties selected a new alternate juror who was seated without objection by either party.

{¶5} At the conclusion of trial, the jury found Cruz guilty of trafficking with major drug offender specifications, as charged in Counts 7-11; guilty of the trafficking and possession charges in Counts 12 through 15, including the major drug offender specifications, but not guilty of the juvenile or forfeiture specifications; not guilty of Count 16, possessing criminal tools; and guilty of Count 19, tampering with evidence. The trial court found Cruz not guilty of having weapons while under disability.

{¶6} At the sentencing hearing, the trial court merged Counts 12 and 13 and Counts 14 and 15, and the state elected to proceed with sentencing on Counts 12 and 14. The court sentenced Cruz to 11 years on Counts 7, 9, 10, 11, and 14; five years on Count 8; and 24 months on Count 20. The trial court ordered Counts 7, 9, and 12 to be served consecutively to each other and all remaining counts to be served concurrently, for a total prison sentence of 33 years.

{¶7} After Cruz filed a motion for reconsideration, the trial court conducted an additional sentencing hearing to impose sentence on Count 12. The court imposed a sentence of 11 years on Count 12, consecutive to Counts 7 and 9, and ordered all other terms of the sentence to remain the same. The court further imposed a mandatory drug fine of $62,500.

{¶8} On April 23, 2012, appellant filed a notice of appeal with this court, challenging the validity of Cuyahoga County police officers to act within Medina County, challenging the dismissal of a juror, and alleging ineffective assistance of counsel. This court overruled

appellant's assignments of error and affirmed his convictions. *State v. Cruz*, 8th Dist. Cuyahoga No. 98264, 2013-Ohio-1889.

{¶9} On June 28, 2013, appellant moved this court to reopen his appeal, asserting ineffective assistance of appellate counsel. On January 27, 2014, this court denied appellant's motion to reopen his appeal. On February 11, 2014, appellant moved for reconsideration of his motion, which this court denied on February 21, 2014.

{¶10} On May 15, 2014, appellant filed a motion to vacate court costs and fines. On May 22, 2014, the trial court denied appellant's motion.

{¶11} Appellant brings this timely appeal, raising two assignments of error for review:

I. The trial court failed to comply with the community service notifications in R.C. 2947.23 when it imposed costs at the sentencing hearing, deprived defendant-appellant of his right to due process in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution, and Article I, Sections 1, 10, and 16 of the State of Ohio Constitution.

II. The trial court erred by failing to consider defendant-appellant's ability to pay under R.C. 2929.19(B) before imposing a $62,500 mandatory drug fine, in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution, and Article I, Sections 1, 10, and 16 of the State of Ohio Constitution.

## II. Law and Analysis

{¶12} In his first assignment of error, appellant argues that the trial court's failure to comply with the community service notification in R.C. 2947.23(A)(1)(a) when it imposed costs at the sentencing hearing deprived him of his right to due process, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 10 and 16 of the Ohio Constitution.

{¶13} In his second assignment of error, appellant argues that the trial court erred by failing to consider his ability to pay before imposing a mandatory drug fine, in violation of the

Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 10, and 16 of the Ohio Constitution. Appellant disputes the imposition of the $62,500 fine, alleging violations of R.C. 2929.18(B)(1), which prohibits the imposition of an otherwise mandatory fine against an indigent offender, and R.C. 2929.19(B)(5), which requires consideration of the offender's present and future inability to pay.

**{¶14}** We decline to address the merits of appellant's assignments of error. "The doctrine of res judicata bars the relitigation of issues that were raised on appeal or could have been raised on appeal." *In re A.I.*, 8th Dist. Cuyahoga No. 99808, 2014-Ohio-2259, ¶ 34.

**{¶15}** In the present case, appellant was aware at the time he brought his direct appeal that the court had imposed costs and fines. Therefore, because he could have raised the instant challenges in his direct appeal, but did not, his claims are barred by res judicata. *See State v. Walker*, 8th Dist. Cuyahoga No. 96305, 2011-Ohio-5270; *State v. Williams*, 11th Dist. Lake No. 2012-L-111, 2014-Ohio-65, ¶15.

**{¶16}** Appellant's first and second assignments of error are overruled.

**{¶17}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR