[Cite as *State v. McCreery*, 2015-Ohio-5453.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 15CA10 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| NICHOLAS C. McCREERY, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 12/17/15** |

_____
APPEARANCES:

Nicholas C. McCreery, Chillicothe, Ohio, Pro Se Appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Robert C. Anderson, Assistant Prosecuting Attorney, Ironton, Ohio, for Appellee.
_____

McFarland, A.J.

{¶1} Nicholas C. McCreery appeals his sentence in the Lawrence County Court of Common Pleas after he pled guilty to three counts of burglary and one count of resisting arrest. On appeal, Appellant contends: (1) the trial court erred and abused its discretion when it failed to notify him at sentencing and re-sentencing that failure to pay the costs of prosecution could result in an order that he perform community service; (2) the trial court erred and abused its discretion when it failed to consider the offender's present and future ability to pay fines; and (3) trial counsel provided ineffective assistance by failing to object to the trial

court's imposition of court costs and costs of prosecution, and by failing to object regarding the improper notification regarding possible community service. Upon review, we find Appellant's arguments are barred by the doctrine of res judicata. Accordingly, we decline to consider the assignments of error and affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} We recount the facts as previously set forth in *State v. McCreery,* 4th Dist. Lawrence No. 10CA17, 2011-Ohio-5885, ¶¶ 2-4 ("*McCreery I*"). In November 2009, Appellant and an accomplice, Christy Stone, were arrested for the burglaries of three separate residences in Lawrence County. The Appellant was subsequently indicted on three counts of burglary in violation of R.C. 2911.12(A)(2), second degree felonies, and one count of resisting arrest in violation of R.C. 2921.33(A), a second degree misdemeanor.

{¶3} In January 2010, when the matter came on for pretrial, Appellant accepted a plea agreement and pleaded guilty to all charges against him. On January 20, 2010, the trial court sentenced him to four years on each burglary count, to be served consecutively, and thirty days in jail for the resisting arrest charge, to be served concurrently with the burglary sentences. At the sentencing hearing, the court misstated the conditions of Appellant's post-release control. The court failed to indicate that post-release control would be mandatory, and would be

three years for the second-degree felonies for which Appellant was convicted. After the court journalized its sentence on February 4, 2010, Appellant filed an appeal.

{¶4} Before the record could be transmitted on appeal, the trial court scheduled a re-sentencing hearing. At that hearing, held on April 9, 2010, the court noted the deficiencies of its January 20, 2010 sentencing, and then fully informed Appellant of the conditions of post-release control. The appeal of the trial court's first sentence was dismissed by mutual agreement and an appeal of Appellant's re-sentencing followed.

{¶5} In the re-filed appeal, case number 10CA17, Appellant raised two assignments of error: (1) that the trial court erred in re-sentencing him without vacating the prior judgment entry; and (2) that he received ineffective assistance of counsel which rendered his guilty plea involuntary. On November 3, 2011, this court issued a decision and judgment entry overruling both assignments of error Appellant had presented. The court affirmed the judgment and sentence of the trial court. See *McCreery I*.

{¶6} On or about March 12, 2015, Appellant filed a pro se "Motion for Re-Sentencing Based on Void Judgment" in the trial court. The trial court overruled Appellant's motion on April 22, 2015 on the basis that the trial court no longer had jurisdiction in the matter. Appellant filed a timely appeal.

ASSIGNMENTS OF ERROR

"I. THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, WHEN IT FAILED TO RE-SENTENCE DEFENDANT-APPELLANT WHEN IT VIOLATED R.C. 2947.23(A)(1)(a), WHEN THE TRIAL COURT FAILED TO NOTIFY THE DEFENDANT-APPELLANT AT "SENTENCING" ON JANUARY 20TH, 2010 AND THE RE-SENTENCING HEARING DATED APRIL 8TH, 2010 THAT FAILURE TO PAY ALL THE COSTS OF THIS PROSECUTION FOR WHICH EXECUTION IS HEREBY AWARDED COULD RESULT IN AN ORDER REQUIRING DEFENDANT-APPELLANT TO PERFORM COMMUNITY SERVICE UNTIL THE JUDGMENT IS PAID, OR UNTIL THE COURT IS SATISFIED THAT THE DEFENDANT-APPELLANT IS IN COMPLIANCE WITH THE APPROVED SCHEDULE.

II. THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, WHEN IT FAILED TO RE-SENTENCE THE DEFENDANT-APPELLANT WHEN IT VIOLATED R.C. 2929.19(B)(6), WHEN THE TRIAL COURT FAILED TO PROVIDE, BEFORE IMPOSING A FINANCIAL SANCTION UNDER SECTION 2929.18 OF THE REVISED CODE, THAT THE TRIAL COURT SHALL CONSIDER THE OFFENDER'S PRESENT AND FUTURE ABILITY TO PAY THE AMOUNT OF THE SANCTION OR FINE.

III.  TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, FOR FAILING TO OBJECT TO THE TRIAL COURT'S IMPOSITION OF COURT COSTS, AND TO PAY ALL THE COSTS OF THE PROSECUTION WITHIN THIS CASE, WHEN THE TRIAL COURT KNEW DEFENDANT-APPELLANT WAS INDIGENT, BECAUSE THE TRIAL COURT APPOINTED ATTORNEY DAVID REID DILLON AS COUNSEL FOR DEFENDANT-APPELLANT'S APPEAL, AS THE TRIAL COURT DID NOT NOTIFY DEFENDANT-APPELLANT MR. MCCREERY THAT HIS FAILURE TO PAY ALL THE COSTS OF THIS

PROSECUTION FOR WHICH EXEUCTION IS HEREBY AWARDED, MAY RESULT IN THE COURT ORDERING THE DEFENDANT-APPELLANT TO PERFORM COMMUNITY SERVICE UNTIL THE JUDGMENT IS PAID OR UNTIL THE COURT IS SATISFIED THAT THE DEFENDANT-APPELLANT IS IN COMPLIANCE WITH THE APPROVED SCHEDULE."

## A.  STANDARD OF REVIEW

{¶7}  A trial court's decision to grant or deny a R.C. 2953.21 petition for post-conviction relief should be upheld absent an abuse of discretion. *State v. Bennett,* 4th Dist. Scioto No. 15CA3682, 2015-Ohio-3832, ¶ 9; *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.  An "abuse of discretion" is more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *State v. Herring,* 94 Ohio St.3d 246, 255, 762 N.E.2d 940 (2002); *State v. Adams*, 60 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).  In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. *Bennett, supra*, citing, *State ex rel. Duncan v. Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1, 57* Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

## B.  LEGAL ANALYSIS

{¶8}  Here, Appellant contends the trial court erred by overruling his "Motion for Re-Sentencing Based on Void Judgment."  While we affirm the trial court's decision, we do so on grounds other than those stated by the trial court.

"The doctrine of res judicata bars the relitigation of issues that were raised on appeal or could have been raised on appeal." *State v. Cruz,* 8th Dist. Cuyahoga No. 101544, 2014-Ohio-5695, ¶ 14, quoting, *In re A.I.,* 8th Dist. Cuyahoga No. 99808, 2014-Ohio-2259, ¶ 34. For the reasons which follow, we find the doctrine of res judicata applies to bar Appellant's current appeal of his motion for resentencing.

{¶9} In *Cruz, supra*, Cruz was convicted by a jury of various counts of trafficking and possession of drugs (Major Drug Offender) and tampering with evidence. He filed a direct appeal and his convictions were upheld. Cruz also filed a motion to reopen his appeal based on an ineffective assistance of counsel claim. The motion was denied.

{¶10} In the case we have cited, Cruz appealed the trial court's overruling his subsequently filed "Motion to Vacate Court Costs and Fines." In his first assignment of error, Cruz argued that the trial court's failure to comply with the community service notification in R.C. 2947.23(A)(1)(a) when it imposed costs at the sentencing hearing deprived him of his right to due process, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 10 and 16 of the Ohio Constitution. In his second assignment of error, Cruz argued that the trial court erred by failing to consider his ability to pay before imposing a mandatory drug fine, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 10, and

16 of the Ohio Constitution.  Cruz disputed the imposition of the $62,500 fine,

alleging violations of R.C. 2929.18(B)(1), which prohibits the imposition of an

otherwise mandatory fine against an indigent offender, and R.C. 2929.19(B)(5),

which requires consideration of the offender's present and future inability to pay.

{¶11}  In resolving Cruz's appeal of his motion to vacate fines and costs, the

Eighth District Court of Appeals' brief opinion held:

> "In the present case, Appellant was aware at the time he brought his
> direct appeal that the court had imposed costs and fines.  Therefore,
> because he could have raised the instant challenges in his direct
> appeal, but did not, his claims are barred by res judicata. See *State v.
> Walker*, 8th Dist. Cuyahoga No. 96305, 2011-Ohio-5270; *State v.
> Williams,* 11th Dist. Lake No.2012-L-111, 2014-Ohio-65, ¶ 15."

As such, the Eighth District Court of Appeals declined to address the merits of

Cruz's assignments of error.

{¶12}  In our own appellate district, we have also had occasion to consider

application of the doctrine of res judicata in similar  proceedings.  We found *State

v. Bennett, supra,* particularly instructive.  In *Bennett,* we paused to address certain

procedural issues.  There, we noted although titled a "Motion For Re-Sentencing,"

Bennett couched his motion as a petition for post-conviction relief and the State

approached the motion as such in its memorandum contra.  We observed:

> "The Ohio Supreme Court has held that if 'a criminal defendant,
> subsequent to his or her direct appeal, files a motion seeking vacation
> or correction of his or her sentence on the basis that his or her
> constitutional rights have been violated, such a motion is a petition for
> post-conviction relief as defined in R.C. 2953.21.' (Emphasis added.)

*State v. Reynolds,* 79 Ohio St.3d 158, 679 N.E.2d 1131, at the syllabus (1997).  However, since *Reynolds* many appellate courts have treated motions asking for re-sentencing as a petition for post-conviction relief, whether or not there is an alleged constitutional violation. See, *State v. Turner-Frantz,* 7th Dist. Jefferson No. 14 JE 33, 2015-Ohio-2111, at ¶ 17 (motion for re-sentencing treated as though alleged violations were of statute and criminal rule); *State v. Gumm,* 8th Dist. Cuyahoga App. No. 101496, 2015-Ohio-1539, at ¶ 3 (referring to an earlier case where a motion for re-sentencing was treated as such a petition when the claim was for violation of a criminal rule)." *Bennett, supra*, at ¶ 6.

 "Arguably, this violates the *Reynolds* syllabus that holds the basis of the petition should be a claim that 'constitutional rights have been violated.' Moreover, it seems to violate the statute itself.  R.C. 2953.21(A)(1)(a) states in pertinent part:

'Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United State[s] * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * *' (Emphasis added.)" *Bennett, supra* at ¶ 7.

**{¶13}**  In *Bennett,* we pointed out the Ohio General Assembly intended a petition for post-conviction relief to challenge violations of state and federal constitutional provisions, and the motion therein was an example of how *Reynolds* and R.C. 2953.21(A)(1)(a) had been taken out of context. *Id*. at ¶ 8.  In *Bennett*, we found no reference to, or claim of, a constitutional violation anywhere in appellant's motion, but instead allegations of violations of various criminal

sentencing laws. We observed at ¶ 8: "It seems counter-intuitive, therefore, to treat [Bennett's] motion as a petition for post-conviction relief. Nevertheless, this was how it was treated in the trial court and we do so here to remain consistent."[1]

**{¶14}** Finally, in *Bennett*, we recognized the Ohio Supreme Court's decision that the doctrine of res judicata applies when determining whether post-conviction relief is warranted under R.C. 2953.21. *Id.* at ¶ 10. See *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233, at the syllabus (1996); *State v. Nichols*, 11 Ohio St.3d 40, 42, 463 N.E.2d 375 (1984); *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph eight of the syllabus (1967). In other words, a petitioner may not raise, for purposes of post-conviction relief, any error that could have been raised on direct appeal. See, *State v. Franklin*, 4th Dist. Meigs No. 05CA9, 2006-Ohio-1198, at ¶ 10; *State v. Peeples,* 4th Dist. Pickaway No. 05CA25, 2006-Ohio-218, at ¶ 11. In *Bennett,* the alleged errors appellant raised could have been raised in his direct appeal. Therefore, unless Bennett could point to an exception from the doctrine of res judicata, his claims would be barred. *Id*. at ¶ 10.

**{¶15}** Also in *Bennett,* we observed one exception that applied to both the time limitation for filing a post-conviction relief petition and the application of the doctrine of res judicata, the existence of a void judgment. *Id.* at ¶ 11. Res judicata does not apply to void judgments. *Id.* See, *State v. Mitchell,* 187 Ohio App.3d 315,

---

[1] In *Bennett,* we further pointed out the appellant's petition was untimely and could only be considered for specific reasons outlined in RC. 2953.23. Appellant did not attempt to show constitutional violations or any applicable exception from the time limitation. As such, it could not have been considered in the first place. *Id.* at ¶ 9.

2010-Ohio-1766, 931 N.E.2d 1157, at ¶ 22, fn.1.  We cited *State v. Lowe,* 9th Dist.

Summit No. 27199, 2014-Ohio-1817, which held that a void judgment may be

challenged at any time. *Id.* at ¶ 7.  In *Bennett,* we summarized the issues as

follows:

> "In short, the only questions before us are whether the alleged errors
> are ones that had the effect of rendering the 2005 sentencing judgment
> void or voidable.  If the alleged errors could have been raised on
> direct appeal, as they clearly could have in light of the fact that they
> occurred during the sentencing phase of these proceedings, they
> should have been raised on direct appeal and are now barred from
> being raised.  However, if the alleged errors were such that they
> rendered the judgment of conviction and sentence void, they may be
> raised at any time - even now, more than a decade after appellant's
> judgment of conviction and sentence.  With these principles in mind,
> we turn our attention to the merits of appellant's assignments of error."
> *Id.* at ¶ 12.

{¶16}  In *Bennett,* similar to the case sub judice, appellant argued that the

trial court erred by dismissing his motion for re-sentencing because a 2005

sentencing entry failed to alert him to the possible penalty for failing to pay court

costs - specifically, that he could be required to perform community service if he

failed to pay those costs.  We stated:

> "Even if we assume, arguendo, that the trial court erred, the Ohio
> Supreme Court has held that errors 'in imposing court costs without
> so informing a defendant in court * * * does not void the * * * entire
> sentence.' *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926
> N.E.2d 278, at ¶ 3.  In other words, any error regarding imposition of
> court costs renders the judgment voidable, rather than void."

{¶17}  In *Bennett*, we also recognized the language of *State v. Spencer,*

4th Dist. Scioto No. 15CA3681, 2015-Ohio-1445, which held:

> "Spencer's claim that the error in his sentence as it relates to court costs renders that portion of his sentence 'void' is not supported by law.  The Supreme Court of Ohio makes a clear distinction between sentencing errors involving post[-]release control, which may result in a void portion of a sentence, and sentencing errors involving the imposition of court costs.  'There is a significant difference between post[-]release control and court costs in regard to the duty of the trial court.'  A trial court has a statutory duty to provide notice of post[-]release control, but exercises discretion in the waiver of court costs."[2]

{¶18}  In *Bennett,* we concluded that any failure to alert an appellant that the failure to pay court costs may require the performance of community service in lieu thereof, did not render the sentencing entry void.  Other districts have also said the same. *Id.* at ¶ 18.  See, *State v. Barnes*, 12th Dist. Warren No. CA2014-03-049, 2015-Ohio-651, at ¶¶ 11-12; *State v. Graham,* 3rd Dist. Hancock No. 5-13-31, 2014-Ohio-1785, at ¶ 18; *State v. Priest,* 8th Dist. Cuyahoga App. No. 100614, 2014-Ohio-1735, at ¶ 10.  We held:  "Given that such arguable error did not render the 2005 judgment void, [Bennett] could have raised it in his direct appeal of right and failed to do so.  Therefore, any such error was barred from being raised at [this date] both by provisions of R.C. 2953.21(A) and the doctrine of res judicata."  We overruled Bennett's assignment of error arguing that the trial court erred by dismissing his motion for re-sentencing because the judgment entry failed to alert

---

[2] In *Bennett* and *Spencer,* we further noted the distinction that court costs are not punishment and are civil in nature. Any failure to inform regarding court costs does not create a "taint" on the sentence nor does it affect another branch of government. *Bennett, supra,* at ¶ 17; *Spencer, supra,* at ¶ 8.

him that community service would be required as a possible penalty for failing to pay his court costs.

{¶19} The same reasoning is equally applicable to Appellant's assignments of error here. Based on the analysis set forth in *Bennett,* we construe Appellant's "Motion for Re-Sentencing Based on Void Judgment" as an untimely petition for post-conviction relief. Furthermore, Appellant's first assignment of error, arguing that the trial court failed to notify him at sentencing and re-sentencing about the possibility that community service could be required as a possible penalty if he did not pay court costs does not render the April 2010 sentencing entry void. Therefore, as in *Bennett,* Appellant could have raised this issue in his direct appeal.

{¶20} Appellant could also have raised the issue of the trial court's alleged failure to consider his present and future ability to pay fines and costs in his direct appeal. As pointed out in *Cruz,* Appellant was aware that fines and costs had been imposed. And, Appellant's direct appeal raised the issue of ineffective assistance without including the argument he now makes, that his trial counsel failed to object to the necessary community service notification. Appellant could have included this argument in the direct appeal but did not.

{¶21} In sum, all arguments Appellant sets forth in his current appeal of the trial court's April 22, 2015 entry, which denied his motion for resentencing based on void judgment, could have been raised in the direct appeal. Because Appellant

failed to do so, they are now barred by application of the doctrine of res judicata.

For the foregoing reasons, we decline to consider the merits of Appellant's

arguments and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

Harsha, J., concurring:

{¶22} I concur in affirming the trial court's judgment but do so for a different reason than the majority opinion. Insofar as McCreery failed to raise a constitutional error for the contentions covered in his first and second assignments of error, postconviction relief is not available. *See State v. Bennett*, 4th Dist. Scioto No. 15CA3682, 2015-Ohio-3832, ¶ 21 (Harsha, J., dissenting), citing R.C. 2953.21(A)(1)(a). For his constitutional ineffective-assistance claim raised in his third assignment of error, I agree that res judicata barred him from raising that claim in his postconviction action.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.:    Concurs in Judgment Only with Opinion.
Hoover, P.J.: Concurs in Judgment Only.

For the Court,

BY:    _____
         Matthew W. McFarland,
         Administrative Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**