[Cite as *State v. McCreery*, 2017-Ohio-988.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 16CA17 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| NICHOLAS C. McCREERY | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 03/13/17** |

_____

APPEARANCES:

Nicholas C. McCreery, Chillicothe, Ohio, Pro Se Appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Robert
C. Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton,
Ohio, for Appellee.

_____

McFarland, J.

{¶1} Nicholas C. McCreery appeals the May 19, 2016 judgment entry
of the Lawrence County Court of Common Pleas denying his motion to
withdraw his 2010 guilty plea and set aside judgment. On appeal, we
observe that Appellant does not address the standards for granting a motion
to withdraw but instead generally contends: (1) that the trial court erred in
modifying a valid final judgment; (2) that the trial court erred in failing to
merge all burglary counts of which he was convicted; and (3) that he was
rendered the ineffective assistance of counsel. Upon review, we find the

trial court did not err by overruling Appellant's motion to withdraw his prior plea. However, we do so for reasons different from those stated in the trial court's judgment entry. Accordingly, we overrule the assignments of error and affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} We recount the facts as previously set forth in *State v. McCreery,* 4th Dist. Lawrence No. 10CA17, 2011-Ohio-5885 ("*McCreery I*") and *State v. McCreery,* 4th Dist. Lawrence No. 15CA10, 2015-Ohio-5453 *("McCreery II")*. In November 2009, Appellant and an accomplice, Christy Stone, were arrested for the burglaries of three separate residences in Lawrence County. Appellant was subsequently indicted on three counts of burglary in violation of R.C. 2911.12(A)(2), second degree felonies, and one count of resisting arrest in violation of R.C. 2921.33(A), a second degree misdemeanor.

{¶3} In January 2010, when the matter came on for pretrial, Appellant accepted a plea agreement and pleaded guilty to all charges against him. On January 20, 2010, the trial court sentenced him to an agreed sentence of four years on each burglary count, to be served consecutively, and thirty days in jail for the resisting arrest charge, to be served concurrently with the burglary sentences. At that January 20, 2010 sentencing hearing, the court misstated the conditions of Appellant's post-release control. The court

failed to indicate that post-release control would be mandatory, and would be for three years for the second-degree felonies for which Appellant was convicted. After the court journalized its sentence on February 4, 2010, Appellant filed an appeal.

{¶4} Before the record could be transmitted on appeal, the trial court scheduled a re-sentencing hearing. At that hearing, held on April 9, 2010, the court noted the deficiencies of its January 20, 2010 sentencing, and then fully informed Appellant of the conditions of post-release control. The appeal of the trial court's first sentence was dismissed by mutual agreement and an appeal of Appellant's re-sentencing followed.

{¶5} In the re-filed appeal, case number 10CA17, Appellant raised two assignments of error: (1) that the trial court erred in re-sentencing him without vacating the prior judgment entry; and (2) that he received ineffective assistance of counsel which rendered his guilty plea involuntary. On November 3, 2011, this court issued a decision and judgment entry overruling both assignments of error Appellant had presented and affirmed the judgment and sentence of the trial court. *See McCreery I*, *supra*, at ¶ 1.

{¶6} On or about March 12, 2015, Appellant filed a pro se "Motion for Re-Sentencing Based on Void Judgment" in the trial court. The trial court overruled Appellant's motion on April 22, 2015 on the basis that the

trial court no longer had jurisdiction in the matter. Appellant filed a timely appeal.

{¶7} On appeal of the denial of his motion for re-sentencing based on a void judgment, Appellant contended: (1) that the trial court erred and abused its discretion when it failed to notify him at sentencing and re-sentencing that failure to pay the costs of prosecution could result in an order that he perform community service; (2) that the trial court erred and abused its discretion when it failed to consider the offender's present and future ability to pay fines; and (3) that trial counsel provided ineffective assistance by failing to object to the trial court's imposition of court costs and costs of prosecution, and by failing to object regarding the improper notification regarding possible community service. Upon consideration of Appellant's arguments, on December 17, 2015, we found Appellant's arguments were barred by the doctrine of res judicata and we declined to consider them. *See McCreery II, supra,* at ¶ 21.

{¶8} On May 18, 2016, Appellant filed a "Motion to Withdraw Guilty Plea and Set Aside Judgment." On May 19, 2016, the trial court overruled Appellant's motion, stating that it is "only permitted to respond * * * if ordered to by a Court of Appeals or the Ohio State Supreme Court," and

noting that "there was no appeal of right taken upon the re-sentencing of this Defendant * * *."  This timely appeal followed.

ASSIGNMENTS OF ERROR

"I. THE LOWER COURT COMMITTED PREJUDICIAL
ERROR IN MODIFYING A VALID FINAL JUDGMENT.
II. THE LOWER COURT COMMITTED PREJUDICIAL
ERROR IN FAILING TO MERGE ALL COUNTS.

III. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE
OF COUNSEL."

A.  STANDARD OF REVIEW

{¶9} In the case sub judice, the trial court did not find it had jurisdiction to entertain Appellant's motion to withdraw his guilty plea. However, generally speaking, "[C]ourts of common pleas have jurisdiction to rule on post-judgment motions. *State ex rel. Cordray v. Marshall,* 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 31.  Thus, we turn to consideration of Appellant's arguments pursuant to Crim.R. 32.1, which governs the withdrawal of pleas.

{¶10} Crim.R. 32.1 provides as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." *State v. Ogle,* 4th Dist. Hocking No.

13CA18, 2014-Ohio-2251, ¶ 8, quoting *State v. Congrove,* 5th Dist. Delaware No. 09CA090080, 2010-Ohio-2933, ¶ 30, quoting *State v. Copeland–Jackson*, 5th Dist. Ashland No. 02COA018, 2003-Ohio-1043, ¶ 6. The standard upon which the trial court is to review a request for a change of plea after sentence is whether there is a need to correct a manifest injustice. *Congrove, supra.* The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *Id.; State v. Rockwell*, 5th Dist. Stark No. 2008CA00009, 2008-Ohio-2162, ¶ 40, citing *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1234 (1977), paragraph one of the syllabus. A manifest injustice has been defined as a "clear or openly unjust act." *Congrove, supra,* quoting *State ex rel. Schneider v. Kreiner,* 83 Ohio St.3d 203, 208, 699 N.E.2d 2983 (1998).

{¶11} Any review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *Ogle, supra*, at ¶ 9, *Congrove, supra,* at ¶ 32, citing *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Congrove, supra*, quoting *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324, (1977), paragraph two

of the syllabus. "Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." *Ogle, supra.* "For a court to find an abuse of discretion in this case, more than an error of judgment must be found. We must find that the trial court's ruling was 'unreasonable, arbitrary or unconscionable.' " *Ogle, supra,* quoting *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

## B. LEGAL ANALYSIS

{¶12} Here Appellant contends the trial court erred by overruling his "Motion to Withdraw 2010 Plea and Set Aside Judgment." While the trial court stated an erroneous basis for its judgment, upon review, we find the error is not prejudicial to Appellant. When a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial. *State v. Sebastian*, 4th Dist. Highland No. 08CA19, 2009-Ohio-3117, at ¶ 25.

{¶13} As we stated in *McCreery II* at ¶ 8: "The doctrine of res judicata bars the relitigation of issues that were raised on appeal or could have been raised on appeal." *Id.* quoting *State v. Cruz,* 8th Dist. Cuyahoga No. 101544, 2014-Ohio-5695, ¶ 14, quoting *In re A.I.,* 8th Dist. Cuyahoga No. 99808, 2014-Ohio-2259, ¶ 34. The doctrine of res judicata bars claims

that the defendant raised or could have raised on direct appeal. *In re B.C.S.,* 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 14.  "[T]he doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue.  In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Crum,* 4th Dist. Lawrence No. 13CA13, 2014-Ohio-2361, ¶16, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶14} Courts have repeatedly applied the doctrine of res judicata to Crim.R. 32.1 motions. *State v. Frazier*, 4th Dist. Pickaway No. 15CA14, 2016-Ohio-5306, ¶ 13; *State v. Reyes*, 11th Dist. Portage No. 2016-P-0010, 2016-Ohio-5673, ¶ 14; *State v. Bryukhanova,* 6th Dist. Fulton No. F–10–002, 2010-Ohio-5504, ¶ 11. *State v. Madrigal,* 6th Dist. Lucas Nos. L–10–1142 and L–10–1143, 2011-Ohio-798, ¶ 16 ("It is well established * * * that claims submitted in support of a Crim.R. 32.1 motion to withdraw plea that could have been raised on direct appeal, but were not raised on direct appeal, are barred by res judicata").

{¶15} Under the first assignment of error, Appellant argues the trial court erred by modifying a valid final judgment.  This argument is barred by

the doctrine of res judicata. Although Appellant made a varied argument regarding his sentence in *McCreery I,* the argument made here is one that could and should have been made in his first direct appeal. Since res judicata applies to bar Appellant's claim, it cannot be said that the trial court abused its discretion by denying Appellant's motion to withdraw his plea on this basis.

{¶16} Appellant next argues that the trial court erred by failing to merge his burglary offenses as allied offenses of similar import for purposes of sentencing. In *State v. Miller,* 4th Dist. Lawrence No. 11CA14, 2012-Ohio-1922, ¶ 6, we held because Miller failed to raise his allied offenses argument in a direct appeal, that issue had become res judicata and he could not challenge his sentence on that basis collaterally through a motion for re-sentencing. *State v. Perkins,* 2nd Dist. Montgomery Nos. 26788, 26797, 26804, 2016-Ohio-4581, ¶ 7. As stated above, the doctrine of res judicata applies in Crim.R. 32 proceedings. Therefore, since res judicata also applied to bar this argument, the trial court properly denied Appellant's motion on this basis and again, it cannot be said the trial court abused its discretion.

{¶17} As to Appellant's final assignment of error, that he was rendered ineffective assistance of counsel, he has already raised that issue in both *McCreery I* and *McCreery II.* When a defendant pleads guilty, he

waives all claims of ineffective assistance of counsel, except to the extent that counsel's performance caused an unknowing and involuntary plea. *State v. Brown,* 4th Dist. Highland No. 07CA2, 2007-Ohio-5008, at ¶ 16. *State v. Persons,* 4th Dist. Meigs No. 02CA6, 2003-Ohio-4213, ¶ 11.  Specifically, Appellant challenged the voluntary nature of his plea in *McCreery I.*  In *McCreery II,* Appellant challenged his counsel's failure to object to the trial court's imposition of court costs and costs of prosecution and failing to object to the improper notification regarding possible community service.  We rejected these arguments in *McCreery II* as barred by res judicata.  Appellant's ineffective assistance claims herein are different and somewhat vague.  However, we find the doctrine of res judicata operates to bar them herein. *State v. McDougald,* 4th Dist. Scioto No. 16CA3736, 2016-Ohio-5080, ¶ 26.

{¶18} For the foregoing reasons, we find all arguments Appellant sets forth in his current appeal were raised in prior appeals or should have been raised in a direct appeal.  As such, we find the doctrine of res judicata applies to bar Appellant's current appeal of his motion to withdraw his 2010 guilty plea.  We decline to consider the merits of Appellant's arguments and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.:  Concur in Judgment Only.

For the Court,

BY:  _____
Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**