[Cite as *State v. Bennett*, 2015-Ohio-3832.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 15CA3682 |
| vs. | : | |
| ROBERT L. BENNETT, | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES:</u>

Robert L. Bennett, Chillicothe, Ohio, Pro Se.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant
Prosecuting Attorney, Portsmouth, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:9-11-15
ABELE, J.

{¶ 1}   This is an appeal from a Scioto County Common Pleas Court judgment that

overruled a motion for re-sentencing filed by Robert L. Bennett, petitioner below and appellant

herein.   Appellant assigns the following errors for review[1]:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED AS A MATTE [sic] OF LAW,
> AND ABUSED ITS DISCRETION, WHEN IT FAILED TO
> RE-SENTENCE APPELLANT AS STATUTORILY REQUIRED,
> WHEN IT FAILED TO MENTION THE CONSEQUENCES OF

---

[1]  Appellant neglects to include in his brief a separate statement
of the assignments of error.  See App.R. 16(A)(3).  We take these
assignments of error from appellant's brief's "table of contents."

VIOLATING POST-RELEASE CONTROL, OF THE LENGTH
OF CONFINEMENT THAT COULD BE IMPOSED FOR A
POST-RELEASE CONTROL VIOLATION, AND FAILED TO
IMPOSE THE CORRECT MANDATORY THREE YEARS
POST-RELEASE CONTROL, NOT THE LANGUAGE OF 'UP
TO A MAXIMUM OF 3 YEARS' POST-RELEASE CONTROL,
AS REQUIRED BY LAW PURSUANT TO R.C. 2929(B)(3)(c)
THROUGH (e), R.C. 2967.28, AND R.C. 2929.14(F) AND
INCORPORATE [sic]INTO THE JUDGMENT OF
CONVICTION ENTERED ON MARCH 10TH, 2005."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED AS A MATTER OF LAW, AND
ABUSED ITS DISCRETION, WHEN IT FAILED TO
RE-SENTENCE APPELLANT AS STATUTORILY REQUIRED,
WHEN IT FAILED TO NOTIFY THE
DEFENDANT-APPELLANT AT THE 'SENTENCING
HEARING' THAT THE FAILURE TO PAY COURT COSTS
COULD RESULT IN THE TRIAL COURT ORDERING THE
DEFENDANT-APPELLANT TO PERFORM COMMUNITY
SERVICE PURSUANT TO R.C. 2947.23(A)(1)(a)."

**{¶ 2}** A jury found appellant guilty of the murder of two year old Kaylee Chandler. On March 10, 2005, the trial court sentenced him to serve an indefinite term of fifteen years to life in prison. We affirmed that conviction. See *State v. Bennett*, 4th Dist. Scioto No. 05CA2997, 2006-Ohio-2757. No further appeal was allowed by the Ohio Supreme Court. See *State v. Bennett*, 111 Ohio St.3d 1417, 2006-Ohio-5083, 854 N.E.2d 1094.

**{¶ 3}** Appellant commenced the case sub judice on January 16, 2015 with a "Motion For Re-Sentencing Based on Void Judgment." The gist of his argument is that at the 2005 sentencing hearing, the trial court failed to (1) notify him of the penalty that could be imposed for violating post-release control, (2) impose the correct mandatory three year term of post-release

control, and (3) notify him that he could be ordered to perform community service if he failed to pay court costs.

{¶ 4}   The State filed a memorandum contra and argued, inter alia, that the motion was untimely and that appellant's arguments were barred by the doctrine of res judicata.   On February 5, 2015, the trial court overruled the motion.   This appeal followed.

I

{¶ 5}   Before we address the merits of the assignments of error, we pause to address some procedural issues.   Although titled as a "Motion For Re-Sentencing," appellant couched his motion as a petition for postconviction relief.   This is also how the State approached the motion in its memorandum contra.

{¶ 6}   The Ohio Supreme Court has held that if "a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her <u>constitutional rights have been violated</u>, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." (Emphasis added.) *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131, at the syllabus (1997).   However, since *Reynolds* many appellate courts have treated motions asking for re-sentencing as a petition for postconviction relief, whether or not there is an alleged constitutional violation.   See e.g. *State v. Turner-Frantz*, 7th Dist. Jefferson No. 14 JE 33, 2015-Ohio-2111, at ¶17 (motion for re-sentencing treated as though alleged violations were of statute and criminal rule); *State v. Gumm*, 8th Dist. Cuyahoga App. No. 101496, 2015-Ohio-1539, at ¶3 (referring to an earlier case where a motion for re-sentencing was treated as such a petition when the claim was for violation of a criminal rule).

{¶ 7}    Arguably, this violates the *Reynolds* syllabus that holds the basis of the petition

should be a claim that "constitutional rights have been violated."   Moreover, it seems to violate

the statute itself.   R.C. 2953.21(A)(1)(a) states in pertinent part:

> "Any person who has been convicted of a criminal offense . . .who claims that
> there was such a denial or infringement of the person's rights as to render the
> judgment <u>void or voidable under the Ohio Constitution or the Constitution of the
> United State[s]</u> . . . may file a petition in the court that imposed sentence, stating
> the grounds for relief relied upon, and asking the court to vacate or set aside the
> judgment or sentence or adjudicated a delinquent child and who claims that there
> was such a denial or infringement of the person's rights as to render the judgment
> void or voidable under the Ohio Constitution or the Constitution of the United
> States . . ." (Emphasis addeed.)

{¶ 8}    The Ohio General Assembly intended a petition for postconviction relief to

challenge violations of state and federal constitutional provisions.   Here, the case sub judice is

an example of how *Reynolds* and R.C. 2953.21(A)(1)(a) have been taken out of context.   We

found no reference to, or claim of, a constitutional violation anywhere in appellant's motion.

Instead, he alleges a violation of various criminal sentencing laws.   It seems counterintuitive,

therefore, to treat his motion as a petition for postconviction relief.   Nevertheless, this was how

it was treated in the trial court and we do so here to remain consistent.[2]

{¶ 9}    That said, we note that a trial court's decision to grant or deny a R.C. 2953.21

petition for postconviction should be upheld absent an abuse of discretion. *State v. Gondor*, 112

Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶58.   An "abuse of discretion" is more than

---

[2] It seems particularly alarming to treat this case as one for postconviction relief because none of the normal rules for such relief apply.  The only questions before us, as we discuss shortly, are whether the alleged errors during the original 2005 sentencing proceedings render parts of the judgment voidable (and thus barred from being raised by the doctrine of res judicata) or void.  This case does not involve a constitutional question.

an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *State v. Herring*, 94 Ohio St.3d 246, 255, 762 N.E.2d 940 (2002); *State v. Adams*, 60 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991). Further, as the State points out, Ohio law required that appellant file his petition within one hundred eighty days after his transcripts were filed with the court of appeals. See R.C. 2953.21(A)(2). A trial court could consider an untimely petition only if a petitioner can demonstrate certain specific reasons outlined in R.C. 2953.23, none of which appellant attempted to show in his motion. Thus, unless appellant can point to an exception from this time limitation, his petition could not have been considered in the first place.

{¶ 10} Finally, the Ohio Supreme Court has held that the doctrine of res judicata applies when determining whether postconviction relief is warranted under R.C. 2953.21. See *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233, at the syllabus (1996); *State v. Nichols*, 11 Ohio St.3d 40, 42, 463 N.E.2d 375 (1984); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph eight of the syllabus (1967). In other words, a petitioner may not raise, for purposes of postconviction relief, any error that could have been raised on direct appeal. See *State v. Franklin*, 4th Dist. Meigs No. 05CA9, 2006–Ohio–1198, at ¶10; *State v. Peeples*, 4th Dist. Pickaway No. 05CA25, 2006–Ohio–218, at ¶11. Here, all of the alleged errors appellant raised could have been raised in his direct appeal. Thus, unless appellant can point to an exception from the doctrine of res judicata, his claims were barred.

{¶ 11} One exception that applies to both the time limitation for filing a postconviction

relief petition and the application of the doctrine of res judicata is the existence of a judgment

that is void.   Res judicata does not apply to void judgments.   See e.g. *State v. Mitchell*, 187

Ohio App.3d 315, 2010-Ohio-1766, 931 N.E.2d 1157, at ¶22, fn. 1.   A void judgment may be

challenged at any time. *State v. Lowe*, 9th Dist. Summit No. 27199, 2014-Ohio-1817. at ¶7.

{¶ 12} In short, the only questions before us are whether the alleged errors are ones that

had the effect of rendering the 2005 sentencing judgment void or voidable.   If the alleged errors

could have been raised on direct appeal, as they clearly could have in light of the fact that they

occurred during the sentencing phase of these proceedings, they should have been raised on

direct appeal and are now barred from being raised.   However, if the alleged errors were such

that they rendered the judgment of conviction and sentence void, they may be raised at any time –

even now, more than a decade after appellant's judgment of conviction and sentence.   With

these principles in mind, we turn our attention to the merits of appellant's assignments of error.

II

{¶ 13} Appellant's first assignment of error raises two separate arguments as to why the

trial court erroneously denied his motion.   First, appellant was not informed of the consequences

that could flow from violating post-release control.[3]   Second, that the trial court failed to inform

---

[3] The argument portion of appellant's brief does not address this portion of the assignment of error.   See App.R. 16(A)(7).   Thus, we could disregard it.   See App.R. 12(A)(2).   Although we afford considerable leniency to pro se litigants, see *State v. Esparza*, 4th Dist. Washington No. 12CA42, 2013-Ohio-2138, at ¶5; *State v. Evans*, 4th Dist. Pickaway No. 11CA24, 2012-Ohio-4143, at ¶7, fn.2, there are limits to that leniency.   We do not serve as a counsel for pro se litigants and will not construct arguments on their behalf. Nevertheless, in the interests of justice we will consider his assignment of error.

him that after release from prison he would be subject to post-release control for up to "a maximum of three years." We, however, find no merit to either argument.

{¶ 14} As the State correctly points out in its brief, murder under R.C. 2903.02(B) is an unclassified felony. See *State v. Anderson*, 6th Dist. Lucas No. L–14–1158, 2015-Ohio-1678, at ¶2; *State v. Jackson*, 12th Dist. No. CA2013–12–227, 2015-Ohio-478, at ¶6; *State v. Blanda*, 12th Dist. Butler No. CA2013–06–109, 2014-Ohio- 2234 at ¶2. This is significant because unclassified felons are not subject to post-release control in the first place. See e.g. *State v. Opalach*, 8th Dist Cuyahoga No. 100938, 2014-Ohio-5037, at ¶5; *State v. Pope*, 9th Dist. Summit Nos. 26928 & 27096, 2014- Ohio-3212, at ¶¶21-22; *State v. Moore*, 4th Dist. Adams No. 13CA965, 2014-Ohio- 3024, at ¶5. Thus, if unclassified felons are not subject to post-release control, then any mistake that arises from a failure to notify them of circumstances of such status does not rise to the level of error sufficient to render such judgment void. See generally *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, at ¶21; *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶¶36-38.

{¶ 15} Here, we agree that the trial court erroneously stated in its 2005 sentencing entry that appellant would be subject to up to three years community control. We also agree, arguendo, that appellant was not informed of the consequences of any violation of his post-release control. However, appellant was not prejudiced by either of these errors because he was not subject to post-release control to begin with. Appellant does not cite any authority that this judgment was void ab initio, thus leaving it open to appeal, and we are aware of such authority from our research. Therefore, for these reasons, we hereby overrule appellant's first assignment of error.

III

**{¶ 16}** In his second assignment of error, appellant argues that the trial court erred by dismissing his motion for re-sentencing because the 2005 sentencing entry failed to alert him to the possible penalty for failing to pay court costs – specifically, that he could be required to perform community service if he failed to pay those costs.

**{¶ 17}** Even if we assume, arguendo, that the trial court erred, the Ohio Supreme Court has held that errors "in imposing court costs without so informing a defendant in court . . . does not void the . . . entire sentence." *State v. Joseph*, 125 Ohio St.3d 76,  2010-Ohio- 954, 926 N.E.2d 278, at ¶3.  In other words, any error regarding imposition of court costs renders the judgment voidable, rather than void.  As we held in *State v. Spencer*, 4th Dist. Scioto No. 15CA3681, 2015-Ohio-1445:

> "<u>Spencer's claim that the error in his sentence as it relates to court costs renders that portion of his sentence 'void' is not supported by law</u>. The Supreme Court of Ohio makes a clear distinction between sentencing errors involving post[-]release control, which may result in a void portion of a sentence, and sentencing errors involving the imposition of court costs. '<u>There is a significant difference between post[-]release control and court costs in regard to the duty of the trial court</u>.' A trial court has a statutory duty to provide notice of post[-]release control, but exercises discretion in the waiver of court costs.
>
> Additionally, <u>court costs are not punishment and are civil in nature</u>. 'The civil nature of the imposition of court costs does not create the taint on the criminal sentence that the failure to inform a defendant of post[-]release control does. <u>Nor does the failure to inform a defendant orally of court costs affect another branch of government.</u>' A defendant must make a motion to waive payment of court costs at the time of sentencing or the issue is waived, 'If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse of discretion standard. Otherwise, the issue is waived and costs are res judicata.'" (Emphasis added) (Citations omitted.)

{¶ 18} In short, any failure to alert an appellant that the failure to pay court costs may require the performance of community service in lieu thereof, does not render the sentencing entry void. Other districts have also said the same. See e.g. *State v. Barnes*, 12th Dist. Warren No. CA2014–03–049, 2015-Ohio-651, at ¶¶11-12; *State v. Graham*, 3rd Dist. Hancock No. 5–13–31, 2014-Ohio-1785, at ¶18; *State v. Priest*, 8th Dist. Cuyahoga App. No. 100614, 2014-Ohio- 1735, at ¶10.

{¶ 19} Given that such arguable error did not render the 2005 judgment void, appellant could have raised it in his direct appeal of right. He failed to do so. Thus, any such error is barred from being raised at this date both by provisions of R.C. 2953.21(A) and the doctrine of res judicata. The second assignment of error is thus overruled for these reasons.

IV

{¶ 20} To summarize, within the context of postconviction relief proceedings and for purposes of the application of res judicata, none of the alleged errors that appellant cites arise from his 2005 sentencing proceedings and renders them void. Consequently, he raises those errors outside the R.C. 2953.21(A) one hundred eighty day time limit and they are also barred by the doctrine of res judicata. Thus, the trial court, did not abuse its discretion when it overruled appellant's motion for re-sentencing (petition for post-conviction relief). For all of these reasons, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Harsha, J., concurring in judgment only:

{¶ 21} I concur in affirming the trial court's judgment but do so for a different reason than the majority opinion. Because the appellant has failed to raise a constitutional error,

post-conviction relief is not available. See, R.C. 2953.21(A)(1)(a). Thus, the trial court did not

err in denying the motion.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and judgment be entered in favor of appellee.

Appellee shall recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

Hoover, P.J.: Concurs in Judgment & Opinion
Harsha, J.: Concurs in Judgment Only with Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.