[Cite as *State v. Ulmer*, 2016-Ohio-2873.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 15CA3708 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| DONALD ULMER, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 05/05/16** |

_____

APPEARANCES:

Donald Ulmer, Lima, Ohio, Pro Se Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Jay Willis, Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Donald Ulmer appeals the Scioto County Common Pleas Court's denial of his motion for merger of his sentences. On appeal, Appellant contends that 1) he was improperly sentenced on drug possession and trafficking offenses, which he claims were allied offenses of similar import, in violation of his constitutional rights to due process and equal protection; 2) the evidence was insufficient as a matter of law to convict him of tampering with evidence, and also that his conviction for tampering with evidence was against the manifest weight of the evidence; and 3) he was

provided with ineffective assistance of trial counsel where counsel failed to preserve objection to his conviction on the tampering with evidence charge. Upon review, we conclude that Appellant's motion, which we have construed as a petition for postconviction relief, was untimely filed. The trial court lacked jurisdiction to address the merits of the petition and should have dismissed the matter based upon its lack of jurisdiction. For these reasons, the judgment of the Scioto County Common Pleas Court is reversed. The trial court's judgment entry overruling Appellant's motion for merger is vacated, and the petition for postconviction relief is dismissed for lack of jurisdiction.

## FACTS

{¶2} We recount the facts as previously set forth in *State v. Ulmer*, 4th Dist. Scioto No. 09CA3283, 2010-Ohio-695. On November 4, 2008, Investigators Timberlake and Bryant of the Portsmouth Police Department received information from a confidential informant, who had pending criminal charges against her, advising them that she had been receiving oxycontin from a black male from the Detroit area known as "Lee" and that she could arrange for him to make a delivery to her. The investigators had not worked with this particular confidential informant in the past; however, they arranged for the confidential informant to place a recorded phone call to

Lee, in their presence, in order to set up the delivery. The officers then took the recording back to the police department where they downloaded and listened to it.

{¶3} The confidential informant further informed the officers that Lee would be driving either a gray Dodge Magnum or a gray Dodge Charger and would be arriving in Portsmouth via routes 32 and 23. Later in the day, after having more contact with Lee, the confidential informant contacted the officers and advised that Lee would be arriving in Portsmouth around 7:45 p.m. that evening. At that point, Investigator Bryant went to Lucasville, Ohio, to conduct surveillance, where he eventually observed a vehicle matching the description given heading south on route 23 towards Portsmouth. The confidential informant contacted the officers again and informed that she was to meet Lee at the Wurster's Pharmacy parking lot in Portsmouth.

{¶4} As Appellant was approaching the designated meeting spot, the officers received another call from the confidential informant stating she was following Appellant's vehicle. Investigator Timberlake then observed Appellant park on a street just south of the designated meeting place, followed by the confidential informant. When the confidential informant exited her vehicle and entered Appellant's vehicle, which was unplanned,

Investigator Timberlake placed a call to Investigator Bryant, who turned his lights on to bypass traffic and pulled in to block Appellant's parked vehicle. Investigator Timberlake, meanwhile, was approaching on foot. As Investigator Timberlake approached, through the open car window he overheard Appellant threaten and curse the confidential informant, accusing her of setting him up. At that point, Investigator Timberlake became concerned for the safety of the informant and approached Appellant's side of the vehicle with his weapon drawn and pointed towards Appellant. He then opened the car door and removed Appellant from the vehicle.

{¶5} After removing Appellant from the vehicle, the officers noted a strong smell of marijuana. When Investigator Bryant removed the confidential informant from the vehicle, he was able to view a "blunt," or marijuana cigarette, in the console ash tray. Officers were also able to view a pair of scissors and baggie in the vehicle. Upon making these findings, the officers conducted a further search of the vehicle, which resulted in the recovery of over 1000 oxycontin tablets.

{¶6} The Scioto County Grand Jury returned a ten count indictment charging Appellant with 1) possession of drugs/major drug offender, a felony of the first degree, in violation of R.C. 2925.11(A) & (C)(1)(e); 2) trafficking in drugs/oxycodone/major drug offender, a felony of the first

degree, in violation of R.C. 2925.03(A)(2) & (C)(1)(f); 3) trafficking in drugs/oxycodone/major drug offender, a felony of the first degree, in violation of R.C. 2925.03(A)(1) & (C)(1)(f); 4) conspiracy to traffic drugs/oxycodone/major drug offender, a felony of the first degree, in violation of R.C. 2923.01(A)(1) and 2925.03(A)(2) & (C)(1)(f); 5) possession of criminal tools, a felony of the fifth degree, in violation of R.C. 2923.23(A) and 2923.24(C); 6) possession of criminal tools, a felony of the fifth degree, in violation of R.C. 2923.23(A) and 2923.24(C); 7) possession of criminal tools, a felony of the fifth degree, in violation of 2923.23(A) and 2923.24(C); 8) possession of criminal tools, a felony of the fifth degree, in violation of R.C. 2923.24(A) and 2923.24(C); 9) possession of marijuana, a misdemeanor, in violation of R.C. 2925.11(A) & (C)(3)(a); and 10) tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1).

{¶7} Appellant entered pleas of not guilty to each charge and subsequently filed a motion to suppress. In his motion to suppress, he sought to suppress the physical evidence seized as a result of the warrantless search. On January 23, 2009, the trial court held a suppression hearing. At the hearing, Investigators Timberlake and Bryant testified to the previously set forth series of events. The State argued that the officers' initial stop of

Appellant was based upon their reasonable articulable suspicion of criminal activity, based upon the informant's tip.  The State further argued that once Appellant was removed from the vehicle and the officers were able to smell marijuana and view a blunt in plain view, they possessed probable cause to search the vehicle.  The trial court agreed and overruled the motion to suppress.

{¶8}  On January 26, 2009, Appellant changed his former pleas of not guilty to each charge in the ten count indictment and instead entered pleas of no contest to three of the counts, including possession of drugs, trafficking in drugs and tampering with evidence.  The trial court sentenced Appellant to serve ten years for the possession of drugs conviction, five years on the trafficking in drugs conviction, to be served consecutively to the ten-year sentence, and five years on the tampering with evidence conviction, to be served concurrently to the other sentences, for a total term of fifteen years.

{¶9}  Appellant filed a direct appeal; however, his convictions and sentences were affirmed by this Court in *State v. Ulmer, supra*.  Appellant then filed an application for reopening pursuant to App.R. 26(B), which was denied by this Court.  Appellant further appealed our prior decision to the Supreme Court of Ohio, which was denied in *State v. Ulmer*, 125 Ohio St.3d 1450, 2010-Ohio- 2510, 927 N.E.2d 1129.  Appellant subsequently filed a

motion for merger of his sentences in the trial court on February 13, 2015,

which was also denied by the trial court.  Appellant now appeals from the

trial court's denial of his motion for merger.

ASSIGNMENTS OF ERROR

"I.    APPELLANT WAS IMPROPERLY SENTENCED ON BOTH THE
       POSSESSION AND THE TRAFFICKING OFFENSES WHEN HE
       SHOULD HAVE ONLY BEEN SENTENCED ON THE STATE'S
       CHOICE OF ONE OF THE CHARGES IN VIOLATION OF
       APPELLANT'S DUE PROCESS RIGHT AND EQUAL
       PROTECTION OF THE LAW OF THE FIFTH, SIXTH AND
       FOURTEENTH AMENDMENTS TO THE UNITED STATES AND
       OHIO CONSTITUTIONS, AND ARTICLE I, SECTION 10, 16.

II.    THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW
       TO CONVICT APPELLANT OF TAMPERING WITH EVIDENCE,
       BECAUSE THERE WAS NO PROOF THAT APPELLANT
       INTENDED TO IMPAIR THE VALUE OR AVAILABILITY OF
       THE EVIDENCE RELATED TO AN EXISTING OR LIKELY
       OFFICIAL INVESTIGATION OR PROCEEDING AND IN THE
       ALTERNATIVE, THE CONVICTION IS AGAINST THE
       MANIFEST WEIGHT OF THE EVIDENCE.

III.   APPELLANT WAS PROVIDED WITH INEFFECTIVE
       ASSISTANCE OF TRIAL COUNSEL WHERE COUNSEL FAILED
       TO PRESERVE OBJECTION ON THE TAMPERING WITH
       EVIDENCE CHARGE OR THAT THE STATE FAILED TO
       SUSTAIN A CHARGE OF TAMPERING WITH EVIDENCE IN
       VIOLATION OF APPELLANT'S SIXTH AND FOURTEENTH
       RIGHT AMENDMENT RIGHT [SIC] TO THE UNITED STATES
       CONSTITUTION AND ARTICLE I, SECTION 10, 16, OF THE
       OHIO CONSTITUTION."

STANDARD OF REVIEW

{¶10} The postconviction relief process is a collateral civil attack on a criminal judgment rather than an appeal of the judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). Postconviction relief is not a constitutional right; instead, it is a narrow remedy that gives the petitioner no more rights than those granted by statute. *Id.* It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record. *State v. Knauff,* 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 18.

{¶11} A trial court's decision to grant or deny a R.C. 2953.21 petition for postconviction relief should be upheld absent an abuse of discretion. *State v. Bennett*, 4th Dist. Scioto No. 15CA3682, 2015-Ohio-3832, ¶ 9; *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An "abuse of discretion" is more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *State v. Herring*, 94 Ohio St.3d 246, 255, 762 N.E.2d 940 (2002); *State v. Adams*, 60 Ohio St.2d 151, 157, 404 N .E.2d 144 (1980). In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. *Bennett, supra;* citing, *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

**{¶12}** Here, Appellant filed a motion entitled "DEFENDANT ULMER'S MOTION TO MERGE ALLIED OFFEN [SIC] SCIOTO COUNTY, OHIOSES [SIC] OF SIMILAR IMPORT PURSUANT TO OHIO REVISED CODE [SECTION] 2941.25." The motion claimed violations of his rights under the Ohio and United States Constitutions, and specifically alleged that he received ineffective assistance of both trial and appellate counsel. Based on the analysis set forth in *State v. Bennett*, 4th Dist. Scioto No. 15CA3682, 2015-Ohio-3832, we construe Appellant's "Motion for Re–Sentencing Based on Void Judgment" as a petition for postconviction relief.

LEGAL ANALYSIS

**{¶13}** Here, Appellant contends the trial court erred by overruling his motion to merge allied offenses of similar import. The State opposed Appellant's motion for merger, arguing that Appellant's arguments were barred by the doctrine of res judicata as he had taken a prior direct appeal of his convictions, and that the arguments raised by Appellant could have been raised as part of his direct appeal. The trial court denied Appellant's motion, citing the fact that Appellant had previously appealed from his convictions and that his convictions had been affirmed on appeal. At no point did either

the State or the trial court expressly refer to Appellant's motion as a petition for postconviction relief.

{¶14} We agree that "the doctrine of res judicata bars the relitigation of issues that were raised on appeal or could have been raised on appeal." *State v. Cruz*, 8th Dist. Cuyahoga No. 101544, 2014-Ohio-5695, ¶ 14; quoting, *In re A.I.,* 8th Dist. Cuyahoga No. 99808, 2014-Ohio-2259, ¶ 34. Further, we note that the doctrine of res judicata is generally applicable to petitions for postconviction relief in that the doctrine "bars claims for post-conviction relief based on allegations which the petitioner raised, or could have raised, in the trial court or on direct appeal." *State v. Howard*, 4th Dist. Scioto No. 96CA2470, 1997 WL 460061, *2 (Aug. 11, 1997); citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph nine of the syllabus (1967). However, we note that here, Appellant had the same counsel at trial and on appeal.

{¶15} In *State v. Miller*, 4th Dist. Ross No. 01CA2614, 2002 WL 149392, *2, this Court noted that "an exception to the general rule can be asserted in cases where the petitioner is claiming ineffective assistance of counsel in a post-conviction relief proceeding." We explained that "[u]nder the exception, res judicata is not a bar to a defendant's claim of ineffective assistance of counsel in a post-conviction relief proceeding if he was

represented by the same counsel at both the trial and on direct appeal." *Id.*; citing *State v. Lentz*, 70 Ohio St.3d 527, 529-530, 639 N.E.2d 784 (1994); *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1992). Thus, to the extent Appellant's motion alleged ineffective assistance of trial counsel, the doctrine of res judicata as a basis to deny his motion was improper.

{¶16} We further note that some of the arguments contained in Appellant's brief now on appeal also seem to claim ineffective assistance of appellate counsel. However, "[c]laims of ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings pursuant to R.C. 2953.21." *State v. Miller*, *supra*, at *3; quoting *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204, syllabus (1992). Rather, "[t]he proper procedure is to file an application for reopening under App.R. 26(B)." *Id.*

{¶17} Instead of denying Appellant's petition for postconviction relief based upon res judicata principles, we conclude that the trial court should have dismissed Appellant's petition for lack of jurisdiction based upon the fact that it was untimely filed. R.C. 2953(A)(2) provides that a petition for postconviction relief must be filed no later than 180 days after the date on which the trial transcript is filed with the court of appeals in the direct appeal. *State v. Burkes*, 4th Dist. Scioto No. 13CA3582, 2014-Ohio-3311,

¶ 16.  R.C. 2953.23(A) authorizes a trial court to address the merits of an

untimely filed petition for postconviction relief if:

"(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was

unavoidably prevented from discovery of the facts upon which

the petitioner must rely to present the claim for relief, or,

subsequent to the period prescribed in division (A)(2) of section

2953.21 of the Revised Code or to the filing of an earlier

petition, the United States Supreme Court recognized a new

federal or state right that applies retroactively to persons in the

petitioner's situation, and the petition asserts a claim based on

that right.

(b) The petitioner shows by clear and convincing evidence that,

but for constitutional error at trial, no reasonable factfinder

would have found the petitioner guilty of the offense of which

the petitioner was convicted or, if the claim challenges a

sentence of death that, but for constitutional error at the

sentencing hearing, no reasonable factfinder would have found

the petitioner eligible for the death sentence."

{¶18} As set forth above, Appellant's petition was filed nearly six years after his convictions. Thus, it was clearly outside the time limits. Further, Appellant does not argue and has not demonstrated he met any of the exceptions for filing beyond the 180-day time limit. Because Appellant's petition for postconviction relief was untimely filed, the trial court did not have jurisdiction to consider it and should have dismissed it based upon lack of jurisdiction. *State v. Eldridge*, 4th District Scioto No. 13CA3584, 2014-Ohio-2250, ¶ 1. For these reasons, the judgment of the Scioto County Common Pleas Court is reversed and the trial court's judgment entry overruling Appellant's motion for merger is vacated. Further, the petition for postconviction relief is dismissed for lack of jurisdiction.

**JUDGMENT REVERSED AND VACATED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE REVERSED AND VACATED and that Appellant recover costs from Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:    Concurs in Judgment and Opinion.
Hoover, J.:  Concurs in Judgment Only.

For the Court,

BY:  _____
     Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**