[Cite as *State v. Teets*, 2016-Ohio-7274.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 15CA31 |
| v. | : | |
| | | DECISION AND |
| PAUL WESLEY TEETS, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 10/04/2016 |

APPEARANCES:

Paul Wesley Teets, Orient, Ohio, *pro se* appellant.

Judy C. Wolford, Pickaway County Prosecuting Attorney, Circleville, Ohio, for appellee.

Hoover, J.

{¶1} Paul Wesley Teets ("Teets") appeals from the Pickaway County Court of Common Pleas' denial of his motion for re-sentencing based on void sentence, which was construed by the trial court as an untimely petition for post-conviction relief. On appeal, Teets contends that (1) the trial court rendered a void judgment when it put in its sentencing entry that he would be subject to a five year period of post-release control; (2) the trial court rendered a void judgment when it failed to notify him at sentencing that he could be required to perform community service if he failed to pay the costs of prosecution, and that his trial counsel and appellate counsel were ineffective for failing to previously raise this issue; and (3) he received ineffective assistance of appellate counsel.

{¶2} Because we find merit to Teets's argument that a portion of his sentence was rendered void by the trial court's imposition of post-release control, we sustain his first

assignment of error. However, because the arguments raised under Teets's second assignment of error are barred by res judicata, his second assignment of error is overruled. Moreover, because post-conviction relief is not the appropriate avenue to file a claim for ineffective assistance of appellate counsel, we find no merit to Teets's third assignment of error; and it is therefore overruled. Accordingly, the judgment of the trial court is affirmed in part, reversed in part; and this matter is remanded for the trial court to correct the sentencing entry.

## I. Facts and Procedural History

{¶3}    On January 19, 2001, Teets was indicted by the Pickaway County grand jury on one count of aggravated murder, an unspecified felony in violation of R.C. 2903.01(A). On May 3, 2001, a hearing was conducted on Teets's motion to suppress evidence. The trial court denied the motion on July 3, 2001.

{¶4}    A jury trial commenced on September 24, 2001; and thereafter Teets was found guilty of aggravated murder. A presentence investigation report was ordered; and Teets was sentenced on December 12, 2001. At that time, the trial court sentenced Teets to life imprisonment. Additionally, the trial court notified Teets that he would be subject to five years of post-release control and ordered that he pay the costs of prosecution. Teets appealed his conviction and sentence to this Court, raising two assignments of error. *See State v. Teets*, 4th Dist. Pickaway No. 02CA1, 2002-Ohio-6799. We overruled both of his assignments of error and affirmed the judgment of the trial court. *Id*.

{¶5}    On March 19, 2015, Teets filed a motion for re-sentencing based on void judgment with the trial court. The trial court denied the motion on April 3, 2015, on the basis that it was untimely filed, and also lacked merit. This appeal followed.

## II. Assignments of Error

{¶6}    Teets assigns the following errors for our review:

Assignment of Error I:

> THE TRIAL COURT ERRED AS A MATTER OF LAW AND ENTERED A
> VOID JUDGMENT ON DECEMBER 14TH, 2015 [sic], WHEN IT IMPOSED
> THE WRONG POST-RELEASE CONTROL FOR THE OFFENSE OF
> AGGRAVATED MURDER PURSUANT TO O.R.C. §2903.01 (A) WHICH IS
> A MANDATORY FIVE (5) YEARS POST-RELEASE CONTROL, BY LAW
> TO A FELONY SF DEGREE OFFENSE, THAT IS STATUTORY REQUIRED
> TO SPECIFY THE MANDATORY NATURE OF POST-RELEASE
> CONTROL, PURSUANT TO O.R.C. §2929.19 (B)(3)(c) THROUGH (e), AND
> O.R.C. §2967.28.

Assignment of Error II[1]:

> TRIAL COUNSEL & APPELLATE COUNSEL WAS INEFFECTIVE FOR
> NOT OBJECTING AND BRIEFING THAT THE TRIAL COURT VIOLATED
> O.R.C. §2947.23 (A)(1)(a), WHEN THE COURT FAILED TO NOTIFY THE
> DEFENDANT AT "SENTENCING" ON DECEMBER 12TH, 2001 AND
> ENTERED ON DECEMBER 14TH, 2001 THAT FAILURE TO PAY COURT
> COSTS OF THIS PROSECUTION COULD RESULT IN THE TRIAL COURT
> ORDERING THE DEFENDANT TO PERFORM COMMUNITY SERVICE.

Assignment of Error III:

> APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT ADVISING THE
> DEFENDANT WHEN THE TRIAL TRANSCRIPTS WAS FILED, AND BY
> O.R.C. §2953.21 THE APPELLANT HAD ONLY 180 DAYS TO FILE A
> CONVICTION [sic].

## III. Law and Analysis

### A. Void v. Voidable

---

[1] We note that a slightly different version of this assignment of error appears in the "Table of Contents" portion of Teets's appellate brief. Specifically, the version in the "Table of Contents" does not include the argument that trial counsel and appellate counsel were ineffective, but simply argues that the trial court erred by failing to notify him of the possibility of community service.

{¶7}    In his first two assignments of error, Teets argues that the trial court erred in imposing his sentence, thus rendering his sentence or portions of his sentence void. Teets claims that because his sentence or portions of his sentence are void, he can challenge it at any time and the principle of res judicata does not apply.

{¶8}    " 'In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous.' " (Internal citation omitted.) *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, ¶ 6, quoting *State v. Simpkins,* 117 Ohio St.3d 420, 2008–Ohio–1197, 884 N.E.2d 568, ¶ 12. Typically, "sentencing errors are not jurisdictional and do not render a judgment void." *Id.* at ¶ 7. However, "a sentence that is not in accordance with statutorily mandated terms is void." *Id.* at ¶ 8. A void sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at paragraph one of the syllabus.

{¶9}    In contrast, arguments challenging the imposition of a voidable sentence are barred by the doctrine of res judicata if not raised on a direct appeal. *See State v. Payne,* 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306, ¶ 30. The doctrine of res judicata bars claims that the defendant raised or could have raised on direct appeal. *In re B.C.S.,* 4th Dist. Washington No. 07CA60, 2008–Ohio–5771, ¶ 14. "[T]he doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon,*

109 Ohio St.3d 176, 2006–Ohio–1245, 846 N.E.2d 824, ¶ 18. *Accord State v. Miller*, 4th Dist. Lawrence No. 11CA14, 2012-Ohio-1922, ¶ 5.

### B. Imposition of Post-Release Control

{¶10}   In his first assignment of error, Teets contends that the trial court erred when imposing post-release control, thus rendering that portion of his sentence void. In particular, Teets argues that the trial court failed to notify him that he is subject to a mandatory period of post-release control. We agree that the trial erred in imposing post-release control, thus rendering that portion of his sentence void, albeit for reasons that differ from those advanced by Teets.

{¶11}   In the case sub judice, Teets was convicted of aggravated murder, " ' which is an unclassified felony to which the post-release control statute does not apply.' " *State v. Lofton*, 4th Dist. Pickaway No. 11CA16, 2012-Ohio-2274, ¶ 8, quoting *State v. Silguero*, 10th Dist. Franklin No. 11 AP-274, 2011-Ohio-6293, ¶ 8; *see also State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36 ("[A]n individual sentenced for aggravated murder * * * is not subject to postrelease control, because that crime is an unspecified felony to which the postrelease-control statute does not apply."). " 'Instead of postrelease control, when an offender convicted of an unclassified felony is released from prison he or she is subject to parole.' " *Id*., quoting *State v. Evans*, 8th Dist. Cuyahoga No. 95692, 2011-Ohio-2153, ¶ 7, in turn citing *Clark* at ¶ 36; R.C. 2967.13. "Therefore, the trial court erred when it imposed postrelease control." *Id*., citing *Silguero* at ¶ 8. Moreover, the error renders the post-release control portion of the sentence void. *Id*. at ¶ 10. We note, however, because only the post-release control portion of the sentence is void, as opposed to the entire sentence, "the proper remedy 'is to remand the matter for the trial court to correct the sentencing entry to eliminate the postrelease control language.' " *Id*., quoting *Evans* at ¶ 9.

{¶12} Based on the foregoing, we sustain Teets's first assignment of error and conclude that the portion of Teets's sentence imposing post-release control is void.

### C. Failure to Give Community Service Notification

{¶13} In his second assignment of error, Teets contends that his sentence is void, and that the trial court erred by denying his motion for re-sentencing because at his sentencing in 2001 the court failed to notify him of the possible penalty for failing to pay the costs of prosecution – specifically, that he could be required to perform community service if he failed to pay those costs. He also argues that his trial counsel and appellate counsel were ineffective for failing to previously raise this issue.

{¶14} Teets's argument that the trial court should have alerted him of the possibility of community service pursuant to R.C. 2947.23(A)(1)(a), if meritorious, would only render the judgment voidable, not void. *State v. Wolke*, 4th Dist. Adams No. 15CA1008, 2016-Ohio-1134, ¶¶ 8-9; *State v. Bennett*, 4th Dist. Scioto No. 15CA3682, 2015-Ohio-3832, ¶¶ 17-18; *State v. McCreery*, 4th Dist. Lawrence No. 15CA10, 2015-Ohio-5453, ¶¶ 16-19. Because Teets failed to raise this argument in his direct appeal, it is now barred by the doctrine of res judicata, and Teets cannot now challenge his sentence on that basis collaterally through a motion for re-sentencing. Additionally, his argument that his trial counsel was ineffective for failing to object to the imposition of costs and to the trial court's failure to give the necessary community service notification is also barred by the doctrine of res judicata, because Teets failed to raise this argument in his direct appeal. *Wolke* at ¶¶ 10-11, citing *McCreery* at ¶¶ 20-21. To the extent that Teets raises claims of ineffective assistance of appellant counsel, we conclude that the argument is meritless for the reasons discussed more fully below.

{¶15} Accordingly, Teets's second assignment of error is overruled.

### D. Assistance of Appellate Counsel

{¶16}   In his third assignment of error, Teets claims that he received ineffective assistance of appellate counsel. We find no merit to this assertion. The proper vehicle to raise this issue is an App.R. 26(B) application to reopen the appeal. *State v. Ulmer*, 4th Dist. Scioto No. 15CA3708, 2016-Ohio-2873, ¶ 16; *State v. Vincent*, 4th Dist. Ross No. 09CA3135, 2010-Ohio-3261, ¶ 9; *State v. Davis*, 4th Dist. Highland No. 09CA19, 2009-Ohio-7083, ¶¶ 13-15; *see also State v. Bradley*, 4th Dist. Scioto No. 95CA2364, 1996 WL 718261, * 12 (Dec. 2, 1996) ("* * * we find that post-conviction relief is not the appropriate avenue to file a claim for ineffective appellate counsel * * *"). Furthermore, Teets has failed to show prejudice. The basis of his ineffective assistance claim is that his original appellate counsel failed to inform him of the filing deadlines to file a post-conviction motion, and had they done so, he would have timely filed his motion for re-sentencing and the trial court would have reviewed the motion on its merits. This argument is misplaced, however, because in addition to denying the motion for re-sentencing as untimely, the trial court also found that the motion lacked merit. Accordingly, we overrule Teets's third assignment of error.

### IV. Conclusion

{¶17}   Having overruled Teets's second and third assignments of error, we affirm the judgment of the trial court in part; however, having sustained his first assignment of error, we also reverse the judgment of the trial court in part. Consequently, we remand this matter and instruct the trial court to correct the December 14, 2001 Entry of Sentence by removing all references to post-release control. *Lofton*, *supra*, at ¶ 11.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART,

AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED for further proceedings consistent with this opinion. Appellant and appellee shall split the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J., and McFarland, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
        Marie Hoover, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**