[Cite as *State v. Richardson*, 2019-Ohio-3490.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-310 |
| v. | : | (C.P.C. No. 03CR-1670) |
| Rhashann L. Richardson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 29, 2019

**On brief:** *Ron O'Brien,* Prosecuting Attorney*,* and *Steven L. Taylor*, for appellee.

**On brief:** *James Watson,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Rhashann L. Richardson, appeals a February 21, 2018 decision from the Franklin County Court of Common Pleas denying his July 11, 2017 motion for resentencing[1] and his August 25, 2017 "motion for: 'vacation' of judgment of conviction and sentence." Because Richardson's conviction for murder does not mandate imposition of post-release control, the trial court did not err in issuing a nunc pro tunc entry to remove a reference to post-release control in the original sentencing entry. Furthermore, because Richardson was not prejudiced by the clerical error mentioning post-release control, he cannot show that he received ineffective assistance of counsel.

[1] Richardson's July 11, 2017 motion is titled: "Motion for re-sentencing based upon a void judgment, where the trial court's journal entry informing defendant of post-release control, was not sufficient and violated the separation-of-powers concerns and to fulfill the statutory requirements of the post-release control sentencing statutes, causing the sentence to be contrary to law, where this court failed to impose post-release control 'at the sentencing hearing,' and placed said post-release control in it's judgment entry outside defendant Richardson's presence in violation of R.C. 2929.19(B)(3)(c), (d), and (e), R.C. 2967.28 and Criminal Rule 43(A) failing to comply with statutory provision's by law." (Sic passim.)

We affirm the trial court's decision denying both motions and entering a nunc pro tunc entry to correct the clerical error.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  Richardson was indicted on one count of aggravated murder, in violation of R.C. 2903.01, on March 12, 2003.  The charge included a three-year firearm specification.

{¶ 3}  The parties entered into a plea agreement whereby Richardson agreed to plead guilty to the lesser-included offense of murder, in violation of R.C. 2903.02, and a 1-year firearm specification.  Pursuant to that plea agreement, the parties recommended that Richardson receive an indefinite sentence of 15 years to life for the murder charge and 1 year on the firearm specification.  The two sentences were to run consecutively.  The guilty plea did not include any provision implementing post-release control.

{¶ 4}  The trial court approved the entry of guilty plea and held a plea and sentencing hearing on June 1, 2004.  The trial court reviewed the entry of guilty plea with Richardson on the record and confirmed that Richardson understood the plea and was making the plea voluntarily.  The trial court then discussed the joint recommendation and the maximum sentence Richardson could receive.  Richardson indicated that he understood the maximum sentence he could receive.  The trial court ultimately accepted Richardson's plea and imposed the jointly recommended sentence.  The trial court did not discuss post-release control with Richardson during the plea and sentencing hearing.

{¶ 5}  The court filed its judgment entry on June 10, 2004.  In that judgment entry, the trial court included the offense to which Richardson pled guilty, the joint recommendation, and the sentence imposed.  The judgment entry also included the following language:

> After the imposition of sentence, the Court notified the Defendant, orally and in writing, of the possibility of the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e).

{¶ 6}  Richardson did not appeal his conviction and sentence.

{¶ 7}  On May 21, 2012, Richardson filed a motion requesting immediate discharge from custody and other motions related to that motion.  Richardson argued that there had been no guilty plea and no judicial finding of guilt.  Because of these perceived failures, Richardson argued that his right to a speedy trial had been violated.

{¶ 8}    The trial court denied the motion on September 19, 2013, and Richardson filed an appeal with this court.  We affirmed the trial court's decision on February 25, 2014.  Specifically, we held:

> The transcript of guilty plea proceedings shows a guilty plea knowingly, intelligently and voluntarily entered.  Richardson signed a written guilty plea form and acknowledged in court the charge and specification to which he was pleading guilty.  He acknowledged the sentence he was to receive.  The guilty plea and sentences were promptly journalized in the trial court after the in-court proceeding.
>
> We find no fault with the plea proceedings and therefore no fault with the trial court's refusal to set aside the guilty plea years later.

*State v. Richardson*, 13AP-873, ¶ 5-6 (Feb. 25, 2014) (memorandum decision).

{¶ 9}    On October 21, 2016, Richardson filed another motion to vacate his sentence and for judicial release, arguing that the trial court failed to sufficiently indicate the charge to which Richardson plead guilty during the plea colloquy and in the judgment entry.  The trial court denied that motion.

{¶ 10}  On July 11, 2017, Richardson filed a motion for resentencing.  In his motion, Richardson argued that the trial court's 2004 judgment entry was void because it purported to impose a period of post-release control on Richardson without discussing post-release control with him during the sentencing hearing.  Richardson then filed a motion to vacate the 2004 judgment entry on August 25, 2017, arguing that there was no guilty plea and no finding of guilt.  Appellee, the State of Ohio, opposed both motions.

{¶ 11}  In a February 21, 2018 entry, the trial court denied Richardson's motions.  Because murder is an unclassified felony, the trial court reasoned, post-release control does not apply to a murder conviction.  Although there was language about post-release control in the trial court's 2004 judgment entry, the court determined that such language was a clerical mistake.  The court corrected the mistake by filing a nunc pro tunc entry that omitted the language about post-release control.  *See* Feb. 21, 2018 Nunc Pro Tunc Judgment Entry.[2]  In its decision denying Richardson's motions, the trial court also found that the post-release control language in the original judgment entry had no operative

---

[2] Despite filing a nunc pro tunc entry on February 21, 2018, the trial court filed a second identical nunc pro tunc entry on February 28, 2018.

effect and was harmless because it only purported to advise Richardson on the " '*possibility* of the *applicable* periods of post-release control' " in a circumstance in which there is no applicable period of post-release control.  (Emphasis sic.)  *See* Feb. 21, 2018 Decision & Entry at 4.  The trial court denied Richardson's August 25, 2017 motion as untimely.

{¶ 12} Richardson now appeals the trial court's decision denying his motions and entering a nunc pro tunc judgment entry. [3]

## II. ASSIGNMENTS OF ERROR

{¶ 13} Richardson asserts two assignments of error for our review:

> [1.] The trial court erred as a matter of law and abused its discretion when the trial court nunc pro tunc the void notification of post release control entered on February 28th, 2018 and the nunc pro tunc entered on February 28th, 2018 violating the one rule document, appellant relies on the ruling in *State v. Baker*, of the Ohio Supreme Court and the fact that the trial courts failure to impose post release control correctly cannot be correctable through a nunc pro tunc entries because the reason for the result is not that the sentencing entries was deficient but rather that the notification given did not comply with the statutory requirements and violated the separation of powers concerns and to fulfill the statutory requirements of the post-release control sentencing statutes where the trial court imposed the wrong post release control and failed to impose the length and the mandatory terms in its judgment entry upon appellant Richardson and differs from the trial courts sentencing transcripts and the trial court imposed post release control for an unclassified felony that is not subject to post release control, causing appellant Richardson's sentence to be contrary to law, ambiguous and void in part.
>
> [2.] Trial counsel provided ineffective assistance of counsel, attorney Blaise Baker, violated <u>my sixth and fourteenth amendments of the United State's Constitution and Section 10,</u>

---

[3] Richardson filed an untimely notice of appeal on April 30, 2018.  We granted his motion for delayed appeal.

>  <u>Article 1 of the Ohio Constitution</u>, for failing to object to
>  statutory provision's at the sentencing hearing in 20014 and
>  both nunc pro tunc hearings in 2018.

(Emphasis sic.) (Sic passim.)

## III.  LAW AND ANALYSIS

### A. The trial court did not err when it issued a nunc pro tunc entry to omit mention of post-release control

{¶ 14} In his first assignment of error, Richardson contends that the trial court violated his due process rights because it issued nunc pro tunc entries and removed the language imposing post-release control without holding a hearing in his presence.  He contends this violates Crim.R. 43.  He further argues that the trial court's inclusion of the post-release control language in its 2004 judgment entry renders his sentence void.  Richardson also appears to take issue with the trial court's silence regarding the length of post-release control in its 2014 judgment entry.  According to Richardson, "the question before us is whether the trial court was required to conduct a new sentencing hearing to remove the improper[] term of post release control."  (Appellant's Brief at 9.) Richardson appears to request that we reverse the trial court's denial of his motions and order the trial court to hold a hearing in his presence to remove the post-release control language from the 2014 judgment entry.

{¶ 15} As the trial court recognized, post-release control does not apply to murder convictions because murder is an unclassified felony.  *See State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 36 (aggravated murder is an unclassified felony and is not subject to post-release control); *State v. Silguero*, 10th Dist. No. 11AP-274, 2011-Ohio-6293, ¶ 8 (murder is an unclassified felony to which the post-release control statute does not apply), citing *Clark* and *State v. Gripper*, 10th Dist. No. 10AP-1186, 2011-Ohio-3656, ¶ 10.  As such, the 2014 judgment entry should not have included language regarding post-release control.

{¶ 16} To correct this error, the trial court issued a nunc pro tunc judgment entry to omit the reference to post-release control.  Crim.R. 36 allows courts to correct "[c]lerical mistakes in judgments * * * at any time."  Numerous appellate courts, including ours, have recognized that language in a judgment entry that purports to impose post-release control for an unclassified felony amounts to a clerical error.  In such instances, a

nunc pro tunc judgment entry may be used to remove the language without the need for a hearing. *See Silguero* at ¶ 16; *State v. Teets*, 4th Dist. No. 15CA31, 2016-Ohio-7274, ¶ 11, 17; *State v. Ortiz*, 7th Dist. No. 15 MA 0023, 2016-Ohio-4813, ¶ 10-12; *State v. Brister*, 5th Dist. No. 13 CA 21, 2013-Ohio-5874; *State v. Allen*, 6th Dist. No. L-14-1078, 2016-Ohio-2742, ¶ 29.

{¶ 17} The Supreme Court of Ohio has also recently addressed the exact issue Richardson raises on appeal. In *State ex rel. Roberts v. Marsh*, ____ Ohio St.3d ____, 2019-Ohio-1569, ¶ 7, the relator was convicted and sentenced for murder. The sentencing entry included language imposing post-release control. The relator argued that the improper post-release control language rendered his sentence void. He requested that the Supreme Court issue a writ of mandamus requiring the trial court to vacate its original sentencing entry and conduct a resentencing hearing in his presence. The Supreme Court denied the writ. The court expressly distinguished the line of cases in which trial courts have sought to *add* post-release control to a criminal defendant's sentence through a nunc pro tunc entry. In those instances, "a nunc pro tunc entry cannot be used to add information that was omitted from the sentencing entry." *Id.* at ¶ 9. But where the court mistakenly includes language about post-release control in its entry on an unclassified felony, the sentence is not void and "no resentencing hearing [is] required." *Id.* at ¶ 11, citing *State ex rel. Allen v. Goulding*, 156 Ohio St.3d 337, 2019-Ohio-858, ¶ 8-9. The Supreme Court found no legal error in the nunc pro tunc entry whereby "the trial court simply deleted a postrelease-control provision that should not have been included in the initial sentencing entry." *State ex rel. Roberts* at ¶ 11.

{¶ 18} Because Richardson's sole conviction was for an unclassified felony, the trial court did not err by issuing a nunc pro tunc judgment entry to remove all references to post-release control. We overrule Richardson's first assignment of error and affirm the trial court's decision to deny his motion for resentencing.

## B. Ineffective assistance of counsel

{¶ 19} In his second assignment of error, Richardson appears to argue that his trial counsel was ineffective because his counsel did not object to the trial court's inclusion of the post-release control language in the 2004 judgment entry and did not file an appeal to challenge the inclusion of the language.

{¶ 20} In Ohio, a licensed attorney is presumed competent. *State v. Phillips*, 10th Dist. No. 14AP-79, 2014-Ohio-5162, ¶ 80, citing *Vaughn v. Maxwell*, 2 Ohio St.2d 299, 301 (1965). "[T]he burden of demonstrating ineffective assistance of counsel is on the party asserting it." *State v. Kennard*, 10th Dist. No. 15AP-766, 2016-Ohio-2811, ¶ 14, citing *Phillips*. In *Kennard*, we explained the test to succeed on a claim of ineffective assistance of counsel as follows:

> In order to succeed on a claim of ineffective assistance of counsel, appellant must satisfy a two-prong test. The first prong requires appellant to demonstrate that his trial counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If he can show deficient performance, he must next demonstrate that he was prejudiced by the deficient performance. *Id*. The failure to make either showing defeats a claim of ineffective assistance of counsel. *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989), quoting *Strickland* at 697.

*Kennard* at ¶ 14.

{¶ 21} The two-part test applies even when a defendant claims that he received ineffective assistance of counsel in relation to a guilty plea. *Hill v. Lockhart*, 474 U.S. 53, 58 (1985); *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), citing *Strickland v. Washington*, 466 U.S. 668 (1984). To show prejudice in relation to a guilty plea, " 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Lockhart* at 59; *see also State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 89.

{¶ 22} The failure to prove either part of the test makes it unnecessary for a court to consider the other part. *Strickland* at 697-98; *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000), citing *Strickland*.

{¶ 23} Richardson's ineffective assistance of counsel claim fails because he cannot show that he was prejudiced in any way by his counsel's failure to object to the inclusion of post-release control language in the 2004 judgment entry or file an appeal raising that issue as error. Richardson is not subject to post-release control on his murder conviction because it is an unclassified felony. The language in the 2004 judgment entry referencing post-release control had no operative effect. Therefore, Richardson was not prejudiced in any way by its inclusion. We overrule Richardson's second assignment of error.

## IV.  CONCLUSION

{¶ 24}  Because the language in the original 2004 judgment entry referencing post-release control was inoperative, and a clerical error, it could be corrected through a nunc pro tunc entry.  Furthermore, its inclusion did not prejudice Richardson in any way, so Richardson's counsel was not ineffective when he failed to object to the language's inclusion and failed to appeal the 2004 judgment entry on that basis.  We overrule Richardson's two assignments of error and affirm the decision of the trial court to deny Richardson's motions and enter a nunc pro tunc judgment entry to omit any reference to post-release control.

*Judgment affirmed.*

BRUNNER and NELSON, JJ., concur.

_____